## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CIVIL ACTION NO 4:21-CV-00107-JHM-HBB**

**LOUVINIA THOMAS**                                              **PLAINTIFF**

**v.**

**OWENSBORO FORD CENTER, INC.**          **DEFENDANT/ THIRD-PARTY**
                                                              **PLAINTIFF**

**v.**

**GREGORY THOMAS**                                      **THIRD-PARTY**
                                                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Third-Party Defendant's Motion to Dismiss Third-Party Complaint [DN 18]. Fully briefed, this matter is ripe for decision. For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

On July 3, 2021, the Plaintiff, Mrs. Louvinia Thomas ("Mrs. Thomas"), inquired about purchasing a vehicle from the Defendant/Third-Party Plaintiff, Owensboro Ford Center, who does business as Champion Ford ("Champion").  [DN 9 at ¶ 6].  Although she completed the necessary paperwork, ultimately, she did not purchase the vehicle.  [*Id.* at ¶¶ 7–9].

Several weeks later, the Third-Party Defendant, Mr. Gregory Thomas ("Mr. Thomas"), visited Champion to purchase the same vehicle Mrs. Thomas had selected.  [DN 9 at ¶¶ 10–11].  During this negotiation, Mr. Thomas suggested he and Mrs. Thomas wanted to finance and purchase the vehicle.  [*Id.* at ¶ 12].  At that time, the couple was estranged but not yet divorced.  *Compare* [DN 1 at ¶ 7] *with* [DN 21 at ¶ 7].  Based on Mr. Thomas's representations, Champion

conducted a credit check on both individuals.  [*Id.* at ¶ 13].  After the credit check, Champion's sales manager needed Mrs. Thomas's signature to finalize the sale.  [*Id.* at ¶ 14].  She refused. [*Id.* at ¶ 15].  Mr. Thomas then obtained financing in his own name and purchased the vehicle. [*Id.* at ¶ 16].

In this action, Mrs. Thomas sues Champion for willful and negligent violations of the Fair Credit Report Act, claiming she never authorized Champion to access her credit report.  *See* [DN 1].  In turn, Champion filed a Third-Party Complaint [DN 9] against Mr. Thomas, asserting it only accessed Mrs. Thomas's credit information because of Mr. Thomas's misrepresentations. *See* [DN 9].  Mr. Thomas moved to dismiss these claims.  *See* [DN 18].

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," *Id.*, and determine whether the "complaint . . . states a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.  Instead, "a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"

*Id.* at 663 (quoting Fed. R. Civ. P. 8(a)(2)).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

If "matters outside the pleadings are presented to and not excluded by the court" when ruling upon a motion under Rule 12(b)(6), the Federal Rules require that "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  This Rule does not require the Court to convert a motion to dismiss into a motion for summary judgment every time the Court reviews documents that are not attached to the complaint.  *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).  "[W]hen a document is referred to in the complaint and is central to the plaintiff's claim . . . [,] the defendant may submit an authentic copy [of the document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment."  *Id.* (quotation omitted).

### III. DISCUSSION

At this stage, under Rule 12(b)(6), the Court considers only whether Champion's Third-Party Complaint plausibly alleges claims against Mr. Thomas.  Champion brings two claims against Mr. Thomas: fraudulent inducement/misrepresentation and negligent misrepresentation. [DN 9 at ¶¶ 20–37].  In Kentucky, a claim for fraudulent misrepresentation has six elements: (1) "material representation"; (2) "which is false"; (3) "known to be false or made recklessly"; (4) "made with inducement to be acted upon"; (5) "acted in reliance thereon"; and 6) "causing injury."  *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).  Similarly, "[a] claim of *negligent* misrepresentation requires proof by clear and convincing evidence of a

material representation that a defendant knew, or should have known, to be false." *Collins v. Kentucky Lottery Corp.*, 399 S.W.3d 449, 453 (Ky. App. 2012) (emphasis in original) (internal quotation marks omitted).

Champion's Third-Party Complaint plausibly states facts supporting these claims. That pleading alleges Mr. Thomas provided false information to Champion by informing sales representatives he had authority to initiate a credit check for Mrs. Thomas. [DN 9 at ¶¶ 22, 31]. Continuing, it explains Mr. Thomas made these false representations to "induce Champion to conduct a credit check and offer joint financing for the purchase of a vehicle." [*Id.* at ¶¶ 24, 33]. Champion also alleges Mr. Thomas acted negligently, recklessly, or with knowledge regarding the statements' truth. [*Id.* at ¶¶ 26, 35]. Furthermore, Champion asserts it will suffer damages if the Court rules in Mrs. Thomas's favor. [*Id.* at ¶¶ 28, 37].

In response, Mr. Thomas argues that Champion's Third-Party Complaint "is based in large part on an allegation in [Mrs.] Thomas's original complaint that [Mr.] Thomas was [Mrs.] Thomas's ex-husband . . . ." [DN 18 at 1]. In her Amended Verified Complaint, Mrs. Thomas clarified that she remained married to Mr. Thomas during the relevant transactions. [DN 21 at ¶ 7]. Mr. Thomas contends this change undercuts Champion's claims because it shows he did not misrepresent the couple's marital status. [DN 18 at 1]. But Champion also alleges Mr. Thomas misrepresented other material facts, namely "that he had authorization from [Mrs. Thomas] to jointly finance the purchase of a vehicle and authorization from her for Champion to conduct a credit check . . . ." [DN 9 at ¶ 23]; *see also* [DN 22 at 4]. These additional allegations sufficiently support Champion's Third-Party Complaint for the purposes of Rule 12(b)(6).

Next, Mr. Thomas posits Champion's Third-Party Complaint is erroneously "based on the premise that a husband has authority under the [FCRA] to authorize a creditor to request his

wife's credit report without her authorization or approval." [DN 18 at 1]. The only authority he cites is K.R.S. § 404.020(1). That statute states: "A married woman may acquire and hold property, real and personal, by gift, devise or descent, or by purchase, and may, in her own name, as if she were unmarried, sell and dispose of her personal property. She may make contracts, and sue and be sued, as a single woman." *Id.* This law has no bearing on Champion's misrepresentation allegations. It can be equally true that Mrs. Thomas had the right under K.R.S. § 404.020(1) to purchase property in her own name and that Mr. Thomas misrepresented his authority to request a credit check and finance a vehicle on her behalf.

In summary, Mr. Thomas's arguments for dismissal are unpersuasive. Champion has plausibly alleged facts to support the claims in its Third-Party Complaint.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Mr. Thomas's Motion to Dismiss Third-Party Complaint [DN 18] is **DENIED**.

cc: Counsel of Record

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

May 3, 2022